UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
                                       :
UNITED STATES OF AMERICA               :
                                       :    **STIPULATED**
       - v. -                          :    **PROTECTIVE ORDER**
                                       :
JULIAN FERNEY RIOS-MENESES,            :    21 Cr. 365 (RMB)
                                       :
              Defendant.               :
                                       :
- - - - - - - - - - - - - - - - - - - X

RICHARD M. BERMAN, District Judge:

      WHEREAS the above-referenced defendant (the "Defendant") has sought from the Government access to certain recordings, electronic communications, and data and other materials that disclose the identities of individuals who acted at the direction of law enforcement in connection with the underlying investigation, or that disclose the targets and subjects of ongoing investigations (the "Protected Materials"), which are discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure ("Rule 16");

      WHEREAS the Government desires to protect the identities of the participants in the communications and targets and subjects of ongoing investigations reflected in the Protected Materials; and

      WHEREAS, in the interest of expediting the discovery process, the Defendant, by his undersigned attorney, consents to

the entry of this protective order; and for good cause shown;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Protected Materials shall be used by the Defendant, his counsel, and his counsel's agents only for purposes of defending the charges, in connection with sentencing, and pursuing any appeals, in this criminal action. To the extent the Protected Materials are shown to additional persons consistent with the terms set forth below, those additional persons may only use the Protected Materials in connection with this criminal action.

2. The Government will mark all items subject to this protective order in a manner indicating their protected status.

3. The Protected Materials and the information and identities contained or disclosed therein:

(a) Shall be used by the Defendant and his counsel only for purposes of this action;

(b) Shall not be transmitted, disseminated, or possessed outside the territorial United States;

(c) Shall not be disclosed in any form by the Defendant or his counsel except as set forth in paragraph 3(d) below;

(d) May be disclosed only by the Defendant's

2

counsel and only to the following persons (hereinafter "Designated Persons"):

  (i) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorney;

  (ii) independent expert witnesses, investigators or advisors retained by the defendant in connection with this action; or

  (iii) upon a motion by the defendant pursuant to paragraph 5 below, to show (but not provide copies of) Protected Materials to such other persons as hereafter may be authorized by the Court; and

 (e) Shall be returned to the Government, or securely destroyed, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files

3

under the Rules of Professional Conduct. If Protected Materials and the information and identities contained or disclosed therein is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

      4.   The Defendant and his counsel shall provide a copy of this protective order to Designated Persons to whom the Protected Materials are disclosed pursuant to paragraph 3(d)(i), (ii) and (iii). Designated Persons shall be subject to the terms of this protective order.

      5.   Defense counsel may, on notice to the Government, seek authorization of the Court to show (but not provide copies of) certain specified discovery materials to persons whose access to discovery materials is otherwise prohibited by the preceding paragraphs, if it is determined by the Court that such access is necessary for the purpose of preparing the defense of the case.

6. The provisions of this order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, sentencing, or appeal proceeding held in this action or to any judge or magistrate of this Court for purposes of this action.

AGREED AND CONSENTED TO:

_____  10/6/22
Ian Marcus Amelkin, Esq.  Date
Attorney for Defendant
JULIAN FERNEY RIOS-MENESES


SO ORDERED:

_____  10/11/22
HONORABLE RICHARD M. BERMAN  Date
United States District Judge
Southern District of New York